UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
EVERONICA EMPTAGE SMITH,
CHARLESWORTH SAMUEL, and
XAVIER JONES,

                      Plaintiffs,                    **REPORT AND**
                                                       **RECOMMENDATION**
         -against-                    20-CV-3491 (MKB) (TAM)

BJ'S WHOLESALE CLUB, INC.,

                      Defendant.
-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

        Plaintiffs Everonica Emptage Smith, Charlesworth Samuel, and Xavier Jones initiated this action on June 9, 2020, against Defendant BJ's Wholesale Club, Inc., alleging damages from injuries sustained in a motor vehicle collision on May 24, 2020. (Notice for Removal of Action, ECF No. 1, ¶ 4.) On August 3, 2020, Defendant removed the action to the United States District Court for the Eastern District of New York. (Notice for Removal of Action, ECF No. 1.) Plaintiff Jones is intellectually and developmentally disabled; accordingly, on May 12, 2023, the Surrogate's Court for Queens County appointed his mother, Plaintiff Emptage Smith, as Plaintiff Jones's appointed guardian. (Decision & Decree Appointing Guardian of the Person & Property, ECF No. 48-1, at 2.)

        Following a referral to mediation on December 13, 2022, Plaintiffs Samuel and Jones reached a settlement in principle with Defendant BJ's Wholesale Club and third-party Defendant Everonica Emptage Smith (collectively referred to as "Defendants"). (Dec. 13, 2022 ECF Order.) On December 13, 2023, Plaintiff Jones filed a petition for compromise settlement, requesting that the Court approve the settlement reached

between him and Defendants. (Pet. for Compromise Settlement, ECF No. 54.) On December 26, 2023, the Honorable Margo K. Brodie referred the motion to the undersigned Magistrate Judge. (Dec. 26, 2023 ECF Order Referring Mot.)

On January 18, 2024, the Court directed Plaintiff Jones's counsel to file a supplemental submission including the following:

> (1) pursuant to CPLR § 1208(a), a declaration from Plaintiff Jones'[s] guardian, Plaintiff Emptage Smith; (2) pursuant to CPLR § 1208(c), one or more hospital reports pertaining to Plaintiff Jones'[s] injuries and medical treatment, related to this action; (3) revised documentation addressing mathematical errors, (*see, e.g.*[,] Pet. for Compromise Settlement, ECF No. 54, ¶ 12 (noting six disbursements totaling a higher amount than the total settlement amount); (3) detailed billing records, including calculation of the lodestar; and (4) supporting documentation for expenses claimed for reimbursement.

(Jan. 18, 2024 ECF Order.) In response to the Court's January 18 order, Plaintiff Jones filed a second petition for compromise settlement on February 8, 2024. (Pet. for Compromise Settlement, ECF No. 57.) On March 5, 2024, the Court held a compromise approval hearing at which counsel for Plaintiff Jones and Defendant BJ's Wholesale Club appeared, as well as Plaintiff Emptage Smith in her capacity as Plaintiff Jones's guardian. (Mar. 5, 2024 ECF Min. Entry & Order.)

## DISCUSSION

### I. Legal Standard

In this district, proposed compromise orders where a party has been judicially appointed a guardian are subject to Local Civil Rule 83.2(a) and New York law. *See* E.D.N.Y. Local Civ. R. 83.2(a); N.Y. C.P.L.R. §§ 1205–1208; N.Y. Jud. Law § 474. "Accepting or rejecting a[ proposed] compromise lies within the discretion of the district court." *M.E. v. N.Y.C. Dep't of Educ.*, No. 15-CV-1651 (PK), 2016 WL 4575786, at *1 (E.D.N.Y. Sept. 1, 2016); *see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 89 (2d Cir. 2010). On a motion for

2

compromise approval, the court must determine whether a proposed settlement of the plaintiff's claims is "fair, whether the interests of the . . . plaintiff are protected, and whether the attorneys' fees sought are reasonable." *Rodney v. City of New York*, No. 13-CV-6179 (RRM) (VMS), 2015 WL 1014165, at *2 (E.D.N.Y. Mar. 6, 2015) (quotation marks omitted). Courts presume fairness and reasonableness where the settlement is the result of arm's length negotiation, counsel is experienced, and sufficient discovery has been conducted to "enable counsel to act intelligently." *Jurdine ex rel. Jurdine v. City of New York*, No. 07-CV-2915 (CBA) (JO), 2008 WL 974650, at *3 (E.D.N.Y. Apr. 8, 2008) (quotation marks omitted). Additionally, "[p]roposed settlements which have been negotiated by the [plaintiff's] . . . guardian carry a presumption that they are fair and in the [plaintiff's] best interests, and should therefore be afforded some level of deference." *C.A. ex rel. Arroyo v. City of New York*, No. 11-CV-3831 (LB), 2013 WL 764626, at *1 (E.D.N.Y. Feb. 28, 2013).

## II.  Compliance with N.Y. C.P.L.R. § 1208

New York law specifies the supporting papers that must be included in any proposed compromise settlement. *See* N.Y. C.P.L.R. § 1208; *see also Fogle v. City of New York*, No. 16-CV-5870 (CLP), 2017 WL 10187672, at *2 (E.D.N.Y. Oct. 17, 2017). Plaintiff Jones has met these requirements by submitting a declaration by Everonica Emptage Smith, Plaintiff Jones's parent and guardian (Guardian Decl., ECF No. 57-2), as well as an attorney affidavit by Matthew J. Salimbene (Attorney Aff., ECF No. 57-1). In addition, Plaintiff Jones's treating physician, Dov Berkowitz, M.D., also submitted a supporting affirmation. (*See* Physician's Aff., ECF No. 57-4.) Together, these affidavits

3

include the information required by New York law. *See* N.Y. C.P.L.R. §§ 1208(a), (b), and (c).[1]

### III. Settlement Amount

The proposed agreement seeks to settle Plaintiff Jones's claims for $▮▮▮▮, with attorneys' fees and costs totaling $▮▮▮▮,[2] fees for the creation of a special needs trust of $2,500, and a medical lien of $150. (Pet. for Compromise Settlement, ECF No. 57, ¶ 12.) The remaining $▮▮▮▮ is to be paid to the Xavier Jones Special Needs Trust jointly with the guardianship clerk of the Surrogate's Court of Queens County and an officer designated by Flushing Bank, 89-12 Sutphin Boulevard, Jamaica, New York 11435. (*Id.*) Plaintiff Jones's guardian attested that "[t]here are no liens due and owing to any party as a result of this occurrence with the exception of the outstanding medical and legal bills [previously noted]." (Guardian Decl., ECF No. 57-2, ¶ 18.) At the March 5, 2024 hearing, Plaintiff's counsel represented that the settlement would be allocated solely to Plaintiff Jones for the pain and suffering caused by his injuries. (Tr. of Mar. 5, 2024 Hr'g, ECF No. 61, at 9:6–18.) Plaintiff's counsel contends that the proposed settlement "is fair, compensatory, and in the best interest" of Plaintiff Jones because Plaintiff Jones has made a "full and complete recovery" and the settlement amount "is fair and reasonable given [his] injuries and the cost of future litigation." (Attorney Aff., ECF No. 57-1, ¶¶ 8–9; *see also* Physician's Aff., ECF No. 57-4, ¶ 9 ("As of March 25, 2021,

---

[1] In anticipation of the March 5, 2024 compromise approval hearing, the Court reviewed Plaintiff Jones's medical and hospital reports and is satisfied that those submissions, together with Dr. Berkowitz's declaration, meet the requirements of N.Y. C.P.L.R. § 1208(c).

[2] This amount reflects the following: $▮▮▮▮ in attorneys' fees; reimbursement of expenses to Matthew J. Salimbene, P.C., of $750.95; and reimbursement of expenses to the Ram Law Group, Plaintiff Jones's prior attorney, of $739.77. (Attorney Aff., ECF No. 57-1, ¶¶ 13, 14.)

my impression was that the prognosis for Xavier Jones's right shoulder injuries was good.").) Plaintiff Jones's guardian agrees with this outcome. (*See* Guardian Decl., ECF No. 57-2, ¶ 13 ("I believe that the settlement and proposed distribution is fair, compensatory[,] and in the best interest of [Plaintiff Jones].").)

As a threshold matter, the Court finds that the proposed settlement is the product of arm's-length negotiation and has "procedural indicia of fairness and reasonableness." *Rodney*, 2015 WL 1014165, at *4. Plaintiff Jones was represented by able and experienced counsel throughout this case, and the parties, including Plaintiff Emptage Smith as Plaintiff Jones's guardian, participated in a lengthy mediation. (*See* Attorney Aff., ECF No. 57-1, ¶ 7.) The parties also engaged in substantial discovery, which allowed for informed, intelligent decisions as to settlement. (*See* Attorney Aff., ECF No. 57-1, ¶ 10 (noting, *inter alia*, that Plaintiff's counsel "conducted a full investigation [into] the facts of this matter; obtained and reviewed medical records; . . . [and] defended one deposition and conducted three depositions").)

Furthermore, as discussed at the March 5, 2024 hearing, the proposed compromise order advances Plaintiff Jones's best interests by ensuring that he is compensated for the pain and suffering he experienced as a result of the accident, while allowing him to avoid the litigation risk that Defendants would not be held liable or a jury would award less in damages than what he is to receive as a result of the settlement. (*See generally* Tr. of Mar. 5, 2024 Hr'g.) Additionally, as confirmed during the hearing, the settlement funds will be held in trust for Plaintiff Jones's sole use and benefit in an interest-bearing account that will be fully insured at all times, and that no funds shall be withdrawn except upon order of the Surrogate. (Tr. of Mar. 5, 2024 Hr'g, at 13:6–18; *see also* Decision & Decree, ECF No. 57-3, at 4.) Finally, because Plaintiff Jones has made a nearly complete recovery and did not suffer any permanent injury, the

5

Court finds that the proposed settlement amount is reasonable given the facts and circumstances of this case. (*See* Attorney Aff., ECF No. 57-1, ¶ 6; Physician's Aff., ECF No. 57-4, ¶ 9.)

In light of the settlement being the result of arm's-length negotiation by experienced counsel, the parties having conducted sufficient discovery, Plaintiff Jones's guardian having participated in the negotiation of the settlement, and because Plaintiff Jones has substantially recovered from the underlying injury, the Court finds the proposed settlement to be fair, reasonable, and in Plaintiff Jones's best interests.

## IV. Attorneys' Fees

"[B]oth the Local Civil Rules and New York State law grant broad authority to determine the reasonableness of attorney's fees." *Wagner & Wagner, LLP*, 596 F.3d at 89 (citing Local Civil Rule 83.2(a)(2); N.Y. Jud. Law § 474). In general, courts reviewing compromises have "approved payments that are one-third contingency arrangements." *Rodney*, 2015 WL 1014165, at *6. In this case, pursuant to Plaintiff's retainer agreement, Plaintiff's counsel seeks $750.95 in costs,[3] and $▮▮▮▮ (one-third of the settlement sum of $▮▮▮▮) in fees, totaling $▮▮▮▮. (Attorney Aff., ECF No. 57-1, ¶¶ 13, 14.) Plaintiff's counsel also seeks $739.77[4] in costs incurred by Plaintiff's prior attorney, the Ram Law Group. (*Id.* ¶ 15.) Additionally, Plaintiff's counsel seeks reimbursement for

---

[3] Plaintiff's counsel indicates that the $750.95 is comprised of the following expenses (which actually total $750.96): postage ($7.96); court reporter fees ($560.50); service of a subpoena ($107.50), and expert affirmation fees ($75). (Attorney Aff., ECF No. 57-1, ¶ 14.)

[4] Plaintiff's counsel indicates that the $739.77 is comprised of the following expenses: summons and complaint ($70); RJI ($31.66); service of process ($64.33); private investigator fees ($77.57); court reporter fees ($467.20); copying and printing ($8.26); and postage ($20.75). (Attorney Aff., ECF No. 57-1, ¶ 15.)

6

the $2,500 fee to create a special needs trust for Plaintiff Jones. (*Id.* ¶ 20; *see also* Invoice, ECF No. 57-9.)

Plaintiff's counsel states that his firm provided extensive legal services throughout the course of the litigation, including conducting an investigation; reviewing medical records; communicating with and sending documentation to the insurance adjuster; attending court conferences; negotiation with defense counsel; conducting discovery; and participating in mediation. (Attorney Aff., ECF No. 57-1, ¶¶ 10–11.) Counsel attests that his firm expended approximately 200 hours on the instant litigation. (*Id.* ¶ 11.) In this case, the Court finds that "the requested legal fees are commensurate with the work performed and in line with the level of compensation routinely approved by courts in this District." *Smalls v. City of New York*, No. 15-CV-5672 (ST), 2016 WL 3620764, at *2 (E.D.N.Y. June 29, 2016); *see also Jurdine ex rel. Jurdine*, 2008 WL 974650, at *4 (approving of one-third attorneys' fee plus costs).

## CONCLUSION

In light of the foregoing, the Court recommends that (1) the first motion for approval of the compromise order (ECF No. 54) be terminated as moot, (2) the second motion for approval of the compromise order (ECF No. 57) be granted, (3) the requested attorneys' fees and costs be approved, and (4) the attached proposed compromise order be entered.

\*   \*   \*   \*   \*

This report and recommendation will be filed electronically. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable Margo K. Brodie at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed.

R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

    **SO ORDERED.**

Dated: Brooklyn, New York
       April 18, 2024

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE