UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
EVERONICA EMPTAGE SMITH,
CHARLESWORTH SAMUEL, and XAVIER
JONES,

                            Plaintiffs,

              v.

BJ'S WHOLESALE CLUB, INC.,

                            Defendant.
---------------------------------------------------------------

**MEMORANDUM & ORDER**
20-CV-3491 (MKB) (TAM)

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Everonica Emptage Smith, Charlesworth Samuel, and Xavier Jones

commenced the above-captioned action on June 9, 2020, in the Supreme Court of the State of

New York, Queens County, against Defendant BJ's Wholesale Club, Inc., seeking damages for

injuries sustained in a motor vehicle collision that occurred on May 24, 2020.  (Notice of

Removal ¶ 4, Docket Entry No. 1.)  On August 3, 2020, Defendant removed the action to the

United States District Court for the Eastern District of New York.  (*See id.*)  On May 12, 2023,

the Queens County Surrogate's Court appointed Plaintiff Emptage Smith — mother of Plaintiff

Jones — as guardian for Plaintiff Jones, who is intellectually and developmentally disabled.

(Decision and Decree Appointing Guardian of the Person and Property, Docket Entry No. 48-1.)

Following referral to mediation, the parties reached a settlement in principle, and on December

13, 2023, Plaintiff Jones filed a petition for approval of infant compromise.  (First Pet. for

Compromise Settlement, Docket Entry No. 54.)  On December 26, 2023, the Court referred the

petition to Magistrate Judge Taryn A. Merkl.  (Order Referring Mot. dated Dec. 26, 2023.)  On

January 18, 2024, Judge Merkl directed Plaintiff Jones to file a supplemental submission to

correct deficiencies in the original filing.  (Order dated Jan. 18, 2024.)  Plaintiff Jones submitted

the requested materials along with a second motion for approval of the settlement on February 8,

2024.  (*See* Second Pet. for Compromise Settlement, Docket Entry No. 57.)

By report and recommendation dated April 18, 2024, Judge Merkl recommended that the

Court (1) terminate the first motion for approval of the compromise order as moot; (2) grant the

second motion for approval of the compromise order, approving settlement of Plaintiff Jones'

claims for $█████; (3) approve attorneys' fees in the amount of $█████, reimbursement of

costs totaling $1,490.72, and reimbursement of fees of $2,500 for the creation of a special needs

trust for Plaintiff Jones; and (4) enter the proposed compromise order.  (Report and

Recommendation ("R&R") 4–8, Docket Entry No. 62.)

No objections to the R&R have been filed and the time for doing so has passed.

## I.   Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1).  "Generally, '[w]here parties receive clear notice of the consequences,

failure to timely object to a magistrate[] [judge's] report and recommendation operates as a

waiver of further judicial review of the magistrate[] [judge's] decision.'"  *Thomas v. Deutsche

Bank Nat'l Tr. Co.*, No. 21-1208, 2022 WL 761140, at *1 (2d Cir. Mar. 14, 2022) (first alteration

in original) (quoting *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015)); *see also Miller v.

Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that

when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives

any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting

*Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832

F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II.  Conclusion

Accordingly, the Court adopts the R&R in its entirety, and: (1) terminates the first motion for approval of the compromise order as moot; (2) grants the second motion for approval of the compromise order; (3) approves the requested attorneys' fees in the amount of $███, costs totaling $1,490.72, and reimbursement of fees of $2,500 for the creation of a special needs trust for Plaintiff Jones; and (4) enters the proposed compromise order.

Dated:  May 9, 2024
       Brooklyn, New York

SO ORDERED:

       s/ MKB
MARGO K. BRODIE
United States District Judge